UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CRYSTAL REID, )
 )
 Plaintiff, )
 )
 v. ) Cause No. 3:18CV877-PPS/MGG
 )
MUSLIM ALLIANCE OF INDIANA and )
FAZIA DEEN-BACCHUS, )
 )
 Defendants. )

# OPINION AND ORDER

Defendant Muslim Alliance of Indiana has filed a motion to dismiss the amended complaint of pro se plaintiff Crystal Reid. [DE 8.] Here's a summary of the "Claims and Facts" Reid gives to support her case. In 2009, defendant Fazia Deen-Bacchus was an attorney working with the Muslim Alliance's legal services clinic. [*Id*. at 2.] In December 2009, Reid engaged Deen-Bacchus to represent her in an effort to adopt the children of Reid's niece. [*Id*.] Despite numerous efforts by Reid, Deen-Bachus was unresponsive to Reid's attempts to get updates on the status of matter. [*Id*.] In March 2010, the children's adoption by their foster parents was finalized. [*Id*.] The day after that occurred, Deen-Bachus filed a petition for adoption on behalf of Reid. [*Id*.] Besides being too late, the petition filed for Reid was then abandoned by Deen-Bachus, who took no further action on it and later terminated her relationship with the Muslim Alliance clinic. [*Id*.] Reid's adoption case was dismissed in 2011. [*Id*.] Deen-Bachus received a 90-day suspension from the practice of law by the Indiana Supreme Court in

part based on her professional misconduct in the handling of Reid's adoption matter. [*Id*. at 3; DE 8-1.] Reid's amended complaint seeks money damages against both Deen-Bacchus and the Muslim Alliance. [*Id*. at 3.]

The form complaint asks whether the plaintiff has "ever sued anyone for these exact same claims," and Reid checked "yes." As directed by the instructions on the form, Reid attached to her amended complaint documents from her state court litigation against Deen-Bacchus and Muslim Alliance. These include Reid's complaint filed in the court of Marion County, Indiana, in which she asserts the same facts as alleged in her amended complaint here. [DE 8-1 at 6-8.] Muslim Alliance's motion to dismiss argues that this case is in substance identical to Reid's state action, which was dismissed with prejudice because Reid's claims were barred by the statute of limitation. [DE 9.]

Having lost her suit in state court, Reid appears to be attempting to litigate the same claims against the same defendants here in federal court. But a party "cannot sue any defendant for the purpose of asking a federal district court to review and correct an adverse state-court judgment." *Hermann v. Dunn County*, 761 Fed.Appx. 647, 650 (7th Cir. 2019). This principle is called the *Rooker-Feldman* doctrine, "under which lower federal courts lack jurisdiction to review state-court judgments or to decide matters inextricably related to state court decisions." *EOR Energy LLC v. Illinois Environmental Protection Agency*, 913 F.3d 660, 664 (7th Cir. 2019), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

2

482-86 (1983). The Muslim Alliance correctly argues that "[t]he issues presented to this court in this lawsuit have already been adjudicated and dismissed by Marion County Superior Court and cannot be re-litigated in a federal district court." [DE 9 at 2.]

But *Rooker-Feldman* "deals with harm *caused by* a state court's decision," and not merely the much more common situation where "state courts deny a request for relief, rather than imposing independent injury." *Cobbs v. Chiapete*, ___ Fed.Appx. ___, 2019 WL 2157417, at *1 (7th Cir. May 17, 2019). Because Reid's pro se pleading does not expressly attack the state court judgment for inflicting a distinct injury on her, the correct legal analysis here may be *res judicata* instead of *Rooker-Feldman*: "Even if *Rooker-Feldman* does not bar a claim, when there is a prior state-court judgment that appears to cover the same transaction or the same issues as the later federal case, the possibility exists that *res judicata* may apply." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). *Res judicata* is Latin for "judged matter" and refers to legal doctrines of finality that prevent repeated litigation of the same matter.

When the earlier judgment on the same claims was by a state court, the Full Faith and Credit statute, 28 U.S.C. §1738, requires the federal courts to give the state court judgment "the same preclusive effect it would have in state court." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999), quoted in *Mains*, 852 F.3d at 675. "Indiana's Supreme Court has said that "[i]n general, issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit.'" *Id.*, quoting *Miller Brewing Co. v. Ind. Dept. of State Revenue*, 903 N.E.2d 64, 68 (Ind. 2009).

Furthermore, "[i]t is well-settled that a dismissal with prejudice is a dismissal on the merits and is conclusive of the rights of the parties and res judicata as to the questions which might have been litigated." *Moss v. Horizon Bank, N.A.*, 120 N.E.3d 560, 564 (Ind.Ct.App. 2019). Reid "litigated and lost in state court; the doctrine of claim preclusion (res judicata) blocks this federal suit[.]" *Cobbs*, 2019 WL 2157417, at *2.

In response to the motion to dismiss, Reid filed what she called a "Motion for Leave to Amend" [DE 10], which did not seek to amend anything and which I construed as Reid's opposition to the motion. [DE 11 at 2.] In that filing, Reid challenges the Indiana court's determination that her claims were barred by the statute of limitations. [DE 10 at 2-3.] This attempt to "appeal" the state court decision to this federal court is barred either by *Rooker-Feldman* or by res judicata. Later still, Reid filed an "Objection" in which she cites inapposite case law in a further attempt to persuade me to review the dismissal of her case by the Marion County Court. [DE 13.] Besides being unhelpful to her cause, the filing constitutes a sur-reply, which the Muslim Alliance has moved to strike [DE 14] because it is not allowed under the applicable rules of procedure in the absence of leave of court, which Reid did not seek or obtain. N.D.Ind. L.R. 7-1.

Because Reid cannot re-litigate the same claims here as she brought in state court, where they were dismissed as barred by the statute of limitations, the Muslim Alliance's motion to dismiss will be granted. The motion was filed on behalf of the Muslim Alliance only, by counsel who appeared for that defendant although the docket does

not contain proof of service. There has been no appearance on behalf of defendant Fazia Deen-Bacchus, as to whom there is likewise no proof of service in the record. Reid has failed to prosecute the case against Deen-Bacchus, with no action reflected since the issuance of a summons on November 27, 2018. In any event, the *Rooker-Feldman* doctrine or res judicata bar applies with equal force to Reid's claims against both defendants, both of whom Reid sued in state court on the same grounds as she asserts here.

**ACCORDINGLY:**

Defendant Muslim Alliance of Indiana's Motion to Dismiss [DE 9] is GRANTED.

Defendant Muslim Alliance of Indiana's Motion to Strike Plaintiff's Objection [DE 14] is GRANTED.

Plaintiff Crystal Reid's amended complaint [DE 8] is dismissed because it is barred by the *Rooker-Feldman* doctrine or *res judicata*. The Clerk is directed to enter judgment accordingly, and this case is thereby CLOSED.

**SO ORDERED**.

ENTERED: June 18, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT