UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CRYSTAL REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:18CV877-PPS/MGG |
| | ) | |
| MUSLIM ALLIANCE OF INDIANA and | ) | |
| FAZIA DEEN-BACCHUS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On June 18, I issued an opinion dismissing Crystal Reid's amended complaint because it was an attempt to bring in federal court the same claims, based on the same facts, as a case she brought in the court of Marion County, Indiana, which was dismissed with prejudice because Reid's claims were barred by the statute of limitation. [DE 15.] As I explained in that opinion, a party "cannot sue any defendant for the purpose of asking a federal district court to review and correct an adverse state-court judgment." *Hermann v. Dunn County*, 761 Fed.Appx. 647, 650 (7th Cir. 2019). This is called the *Rooker-Feldman* doctrine, "under which lower federal courts lack jurisdiction to review state-court judgments or to decide matters inextricably related to state court decisions." *EOR Energy LLC v. Illinois Environmental Protection Agency*, 913 F.3d 660, 664 (7th Cir. 2019), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

Reid's pro se pleading is barred either because it runs afoul of *Rooker-Feldman* or by principles of *res judicata*: "Even if *Rooker-Feldman* does not bar a claim, when there is a prior state-court judgment that appears to cover the same transaction or the same issues as the later federal case, the possibility exists that *res judicata* may apply." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). As I explained more fully in granting the motion to dismiss, *res judicata* refers to legal doctrines of finality that prevent repeated litigation of the same matter. Reid "litigated and lost in state court; the doctrine of claim preclusion (res judicata) blocks this federal suit[.]" *Cobbs v. Chiapete*, 770 Fed.Appx. 282, 284 (7th Cir. May 17, 2019).

Now Reid has filed a new Motion for Leave to Amend. [DE 17.] In this motion, Reid refers to difficulties obtaining service on defendant Fazia Deen Bacchus, claims she failed to receive a motion to strike what amounted to her sur-reply filed without leave, and argues against the dispositive analysis outlined above. None of these arguments impacts the reasoning that required dismissal of Reid's case. Reid cites *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), but that case is distinguishable because Reid's case in state court had already been litigated to a judgment of dismissal with prejudice before she filed her federal case. *Lance v. Dennis*, 546 U.S. 459 (2006) doesn't help Reid either, because, unlike here, it involved federal plaintiffs who were not parties to the underlying state-court proceeding.

Reid's "Motion for Leave to Amend" doesn't actually seek to amend her complaint further, and offers no explanation of how her complaint might be amended

to avoid the dismissal already entered. "A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment." *Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986). *See also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Instead, the motion aims to have the dismissal set aside so that she is permitted to continue with her case. This sort of relief is governed by Fed.R.Civ.P. 59(e) and 60(b), which are "extraordinary remedies reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In any event, even applying the liberal amendment policy embodied in Fed.R.Civ.P. 15, Reid "fails to demonstrate how [any] proposed amendment would cure the deficiencies in the prior complaint." Her motion will therefore be denied.

**ACCORDINGLY:**

Plaintiff Crystal Reid's Motion for Leave to Amend [DE 17] is DENIED.

**SO ORDERED**.

ENTERED: July 30, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT